# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
## (Joseph Woodrow Hatchett United States Courthouse and Federal Building,
## 111 N. Adams St., Tallahassee, Florida 32301)

|  |  |
|---|---|
| Ronald Satish Emrit, | ) |
| & James Lambert | ) |
| Plaintiffs (Pro Se) | ) |
| | ) C. A. No.: 4:23cv496 MW/MJF |
| v. | ) |
| | ) |
| Morgan & Morgan, | ) |
| Defendant | ) |
| | ) |
| | ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

COMES NOW, the plaintiff Ronald Satish Emrit, who is bringing forth this complaint against the sole defendant Morgan & Morgan seeking $45 million dollars in punitive, compensatory, and treble damages. In bringing forth this complaint, the plaintiff states, avers, and alleges the following

## I.) NATURE OF THE CASE

1.) Both plaintiffs are respectfully requesting that the court waive the requirement for the second plaintiff to file an in forma pauperis (IFP) application because he has sustained brain and hand injuries making it difficult for him to see and write.

2.) If the plaintiff is required to fill out an in forma pauperis application (IFP) in accordance with 28 U.S.C. Section 1915, the plaintiffs are respectfully requesting that the court appoint an attorney from Legal Aide to help

FILED USDC FLND TL
NOV 15 '23 PM4:05

represent the second plaintiff in filling out the in forma pauperis application (IFP) pursuant to the stare decisis of ***Gideon v. Wainwright*** in the state of Florida in which the second plaintiff James Lambert has the 6th amendment right to the effective assistance of counsel as it applies to his 7th amendment right to a civil jury trial adjudicated on the merits in a justiciable case or controversy which is ripe for adjudication and not moot.  INstead of dismissing this case, the plaintiffs respectfully request that the court provide them with an opportunity to file an amended complaint rather than being labeled vexatious litigants with a frivolous lawsuit which the plaintiffs believe is meritorious and necessary to defend the rights of disabled persons from multimillion dollar law firms such as Morgan & Morgan and The Hale Law Firm.

3.) If the court decides that it can not appoint an attorney for the second plaintiff to fill out his in forma pauperis application (IFP), both plaintiffs are requesting that the court give the second plaintiff 90 days from the filing and/or docketing of this pleading to fill out a short form for the in forma pauperis application found at the following website

https://www.uscourts.gov/forms/fee-waiver-application-forms/application-proceed-district-court-without-prepaying-fees-or-0

As opposed to the long form at the following website

https://www.uscourts.gov/forms/fee-waiver-application-forms/application-proceed-district-court-without-prepaying-fees-or

4.) Pursuant to Rule 201 of Federal Rules of Evidence (FRE), the court should take judicial notice that the second plaintiff informed the first plaintiff that his house might be in foreclosure because he can not pay homeowners' association fees and he has no source of income other than his divorce settlements which would not be considered as alimony pendente lite, permanent alimony, or rehabilitative alimony and insurance settlement proceeds from accidents.  The first plaintiff only has a vague comprehension

20720.  His cell phone number is currently (703)936-3043 and his primary email address is einsteinrockstar2@outlook.com.

12.) The second plaintiff asserts that he is disabled because of injuries sustained from motorcycle accidents and his address is the following: 6651 38th Lane East, Sarasota, Florida 34243.

13.) The sole defendant is one of the largest personal injury law firms in the country well-known for its billboard advertisements and expensive commercials.  This sole defendant is d/b/a Morgan & Morgan with a Bradenton office at 101 Riverfront Blvd, Suite 600 Bradenton, FL 34205 with the number of (941) 366-1790 and a Sarasota office at 2222 South Tamiami Trail, 2nd Floor Sarasota, FL 34239 and a number of (941) 240-3220 and another office in Tampa at 201 N. Franklin Street, 7th Floor, Tampa, FL 33602 with the number of (813) 223-5505.

## III.) JURISDICTION AND VENUE

14.) According to Federal Rules of Civil Procedure 8(a)(1), Plaintiff is required to provide "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;"

15.) Pursuant to 28 U.S.C.A. Section 1332, the U.S. District Court for the District of Northern Florida (as an Article III court) has jurisdiction over this matter given that there is a rebuttable presumption that there is complete diversity of jurisdiction between the Plaintiff and the defendant given that the principal place of business (ppb) and/or nerve center of Morgan & Morgan is not in Florida.  In other words, the plaintiffs argue that the Florida-based offices of Morgan & Morgan are not their "corporate headquarters" and therefore diversity of jurisdiction is determined from their corporate headquarters and not their satellite offices in Florida.

16.) As an Article III court, the U.S. District Court for the District of Northern Florida also has subject matter jurisdiction over the present case at bar because this proceeding involves a discussion of Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act of 1990, Equal Protection Clause, Due Process

Clause, Fourth Amendment, and Privileges and Immunities Clause.

17.) Therefore, a federal question is presented by the implication of the black-letter law of the aforementioned federal statutes in addition to the discussion of Constitutional Law provisions.

18.) Venue in this jurisdiction is also proper pursuant to 28 U.S.C.A. Sections 1391 and 1400.

19.) The federal courts have jurisdiction also because the amount in controversy does exceeds $75,000 (i.e. $45,000,000 is substantially more than $75,000), this court has jurisdiction on the grounds of diversity and a federal question presented.

## IV.) STATEMENT OF FACTS

20.) The plaintiffs have been neighbors and friends since on or around 2008 or 2009 when the realtor Beverly Ulrey of Prudential Realty sold a house in Sarasota, Florida (Manatee County) to the first plaintiff's parents whose names are not relevant for this litigation.

21.) The second plaintiff at some point in time retained the defendant law firm to represent him in an insurance claim determination after the second plaintiff had been injured in a motor accident in which he was not at fault and the alleged tortfeasor was uninsured.

22.) Instead of liability or comprehensive insurance, the second plaintiff mentioned that he had "full coverage."

23.) The second plaintiff mentioned that Morgan & Morgan took approximately 40% of his insurance claim settlement even after this law firm was negligent in failing to inform the second plaintiff that the lawyer at Morgan & Morgan assigned to his case has passed away.

24.) The second plaintiff also informed the first plaintiff that the defendant law firm repeatedly told the second plaintiff not to get any treatment for his injuries even though evidence of subsequent remedial measures and liability insurance are excluded on grounds of relevance because of the public policy that insurance coverage and mitigation of damages is encouraged after an accident even if there is a legal dispute.

25.) The second plaintiff informed the first plaintiff that the defendant law firm repeatedly asked him if he lived in any other states other than Arizoza, Michigan, and Florida which sounds like a breach of the duty of competence in which there might have been "overbilling" just as with the movie "The Firm" starring Tom Cruise of Scientology fame.

## V.) COUNT ONE: NEGLIGENCE

26.) With regards to establishing a prima facie case for negligence, there has to be a discussion of duty, breach, causation, and damages

27.) Establishing the element of duty involves the Carroll Towing espoused in the familiar case-law of United States v. Carroll Towing.

## VI.) BREACH OF AN IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

28.) To establish a prima facie case for an implied warranty of fitness for a particular purpose, the plaintiffs must establish that the rendering of legal services is subject to being liable for the commission of this tort.

## VII.) BREACH OF AN IMPLIED WARRANTY OF MERCHANTABILITY

29.) To establish a prima facie case for an implied warranty of merchantability, the plaintiffs must establish that the rendering of legal services is subject to being liable for the commission of this tort.

## VIII.) PRODUCTS LIABILITY: MANUFACTURING DEFECT/DESIGN DEFECT

30.) The plaintiffs argue that the rendering of legal services is subject to a strict liability claim for the commission of a manufacturing or design defect as products liability claim as opposed to the standard of negligence.

31.) Products liability claims usually involve a discussion of introducing a defective product in the international stream of commerce even though the

rendering of legal services is not a tangible or fungible good for purposes of the Uniform Commercial Code (UCC) Article 2 drafted by Uniform Law Commissioners for the sale of goods in excess of $500 involving the Statute of Frauds and Battle of the Forms according to UCC 2-201.

## IX.) CONVERSION

32.) The plaintiffs argue that the defendant has committed conversion by removing approximately 40% from the insurance claim settlement notwithstanding the fact that Morgan & Morgan failed to provide the second plaintiff with constructive notice that his attorney had passed away.

33.) In addition, the plaintiffs argues that the defendant also committed conversion by repeatedly asking him the same questions about his places of residency in Arizona, Florida, and Michigan which could be characterized as "overbilling" and a lack of duty of competence substantially similar to the movie "The Firm" starring Tom Cruise of scientology fame.

## X.) TRESPASS TO CHATTELS

34.) The plaintiffs argue that the defendant has committed the intentional tort of trespass to chattels by removing approximately 40% from the insurance claim settlement notwithstanding the fact that Morgan & Morgan failed to provide the second plaintiff with constructive notice that his attorney had passed away.

35.) In addition, the plaintiffs argues that the defendant also committed the intentional tort of trespass to chattels by repeatedly asking him the same questions about his places of residency in Arizona, Florida, and Michigan which could be characterized as "overbilling" and a lack of duty of competence substantially similar to the movie "The Firm" starring Tom Cruise of scientology fame.

## XI.) VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (ADA)

36.) The plaintiffs argue that the sole defendant has violated the Americans with Disabilities Act of 1990 (ADA) by failing to recognize and argue the second plaintiff's brain injuries and back injuries as part of their insurance claim settlement investigation and negotiations which are both negligent in terms of state law claims and a violation of federal black-letter law because the Americans with DIsabilities Act of 1990 (ADA) applies both to state actors and private firms and/or companies.

## VI.) PRAYER FOR RELIEF

WHEREFORE, the plaintiffs are seeking punitive, compensatory, and treble damages in the amount of $45 million against the sole defendant Morgan & Morgan.  In asserting this "prayer for relief," the plaintiff states, avers, and alleges the following:

A.) This proposed judgment in the amount of $45,000,000 would be considered to be punitive, compensatory, and treble damages for the violation of Americans with Disabilities Act of 1990 (ADA) and the state law tort claims of products liability (design defect/manufacturing defect), breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, conversion, trespass to chattels, and negligence/legal malpractice.

B.) This proposed judgment in the amount of $45,000,000 would also be considered to be expectation, reliance, restitution, incidental, consequential, and/or liquidated damages as the material breach of contract since there is an irrebuttable

presumption that the second plaintiff would have had to sign a retainer agreement to be represented by the sole defendant Morgan & Morgan.

C.) Furthermore, the plaintiffs are seeking the equitable remedy of an injunction requiring and/or mandating that the sole defendant provide free legal representation to both plaintiffs in the foreseeable future regarding any number of civil legal issues involving intellectual property, commercial tort, labor law, employment discrimination, contract, and/or other issues.

Respectfully submitted,

Ronald Satish Emrit

6655 38th Lane East

Sarasota, Florida 34243

(703)936-3043

einsteinrockstar@hotmail.com

einsteinrockstar2@outlook.com

_____

James Lambert

6651 38th Lane East

Sarasota, Florida 34243

devenomer@msn.com

Satish Ernst
6655 38th Lane East
Sarasota, Florida 34243

NOV 15 2023

Attn: Clerk of the Court
U.S. District Court of
Northern Florida
Joseph Woodrow Hatchett U.S.
Courthouse & Federal Bldg.
111 North Adams Street
Tallahassee, FL 3230

